UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12-cr-00368-JCM-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ANTONIO PHILLIP JOHNSON, | ) | (Mot. Reconsider Det. Ord. - Dkt. #16) |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Antonio Phillip Johnson's Motion to Reconsider Detention Order (Dkt. #16) filed December 18, 2012. The government filed a Response (Dkt. #19) January 4, 2013.

The Defendant is charged in an Indictment (Dkt. #1) returned October 2, 2012, with felon in possession of a firearm. He made an initial appearance and arraignment and plea on November 13, 2012. The government moved for detention. After hearing arguments of counsel, the court continued the detention hearing on its own motion to allow defense counsel more time to provide more detailed information concerning portions of the Defendant's criminal history. *See* Minutes of Proceedings (Dkt. #5). At the continued detention hearing, the court heard additional arguments from counsel and ordered the Defendant detained. *See* Order of Detention (Dkt. #13). In the current motion, Johnson asks that the court reconsider its detention order. Counsel for Johnson states that she has recently received discovery in this case and is now in a better position to argue that Johnson is not a danger to the community. Specifically, the discovery suggests that Johnson may have been under the influence of drugs or alcohol at the time of the offense, and "nothing in his past points to a situation such as the one he is charged with now."

The government opposes the motion arguing Johnson has failed to meet his burden under 18 U.S.C. § 3142(f)(2) of establishing there is material new information justifying reopening of detention.

A detention hearing may be reopened only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing," and that the information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required, and the safety of any other person and the community." 18 U.S.C. § 3142(f). As the court noted in *United States v. Ward*, 63 F. Supp. 2d 1203 (C.D. Cal. 1999), "courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing." *Id*. at 1206.

The court ordered the Defendant detained as a danger to the community for the reasons identified in the court's written Order (Dkt. #13). The court found that the Defendant had rebutted the statutory presumption that he was a flight risk, but had not rebutted the presumption concerning the danger to the community. His criminal history reflected that he had a felony conviction for a narcotics-related offense, a gross misdemeanor conviction for assault in the fourth degree involving domestic violation, and prior failures on probation and a prior probation revocation. His current charge arises out of a series of incidents which were originally brought in state court. The nature and circumstances of the underlying offenses involve discharge of a firearm into an occupied vehicle, an unoccupied vehicle, and into an apartment complex in a very congested area of town. The government's proffer, supported by the police report prepared in this case, indicates that the Defendant made statements to one of the witnesses that he was "a killer" during the incident. Multiple shots were fired and a stolen weapon was involved in the underlying state court charges. For these reasons, the Defendant was ordered detained as a danger to the community.

The court finds that the Defendant's motion to reconsider does not provide any information that was not known to Johnson at the time of his detention hearing that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the safety of the community. Accordingly,

/ / /

/ / /

/ / /

/ / /

**IT IS ORDERED** that Defendant's Motion to Reconsider Detention Order (Dkt. #16) is **DENIED**.

Dated this 8th day of January, 2013.

_____
Peggy A. Leen
United States Magistrate Judge